BURKHOLDER *against* M'FERRAN and wife
to the use of STAHL.

*Chambers-
burg.*

*Friday,*
October 3.

IN ERROR.

ERROR to the Court of Common Pleas of *Franklin*
county.

*M'Ferran* and wife, for the use of *Joseph Stahl*, brought
debt on a single bill not exceeding 150 dollars, against *Burk-
holder*, and on the 16th *January*, 1815, filed a statement that
their " demand was founded on a single bill, dated 7th *No-
" vember*, 1811, for the payment of 142 dollars, 72 cents, on
" the 11th *February*, 1819, with interest from the date."
Annexed to this was a calculation of a balance due (after
crediting the defendant with money paid) of 118 dollars,
90 cents. Interest was calculated to the 16th *January*, 1815.
On the bill were indorsed two payments : one without a date.
The defendant pleaded payment, with leave. To which there
was a replication and issue. The case was afterwards arbi-
trated by the plaintiff, and the arbitrators awarded that they
" found for the plaintiff the balance due on a single bill,
which was given the 7th day of *November*, 1811, with inter-
est from the date, for the use of *Joseph Stahl*, assigned to
the said *Stahl*, by *M'Ferran* and wife.

*Chambers*, for the plaintiff in error, contended that the
award is uncertain. It is for no fixed sum. It is for the
balance due on a single bill, without saying what that ba-
lance was, or giving reference to any thing which would ren-
der it certain. The only reference is to the date of the sin-
gle bill.

*M'Cullough*, contra, answered that the award sufficiently
shews the intent of the arbitrators. The statement demands
a certain balance, and the award is for the balance.

*Reply*. The award does not refer to the statement filed
by the plaintiff.

In an award
the sum for
which judg-
ment is to be
entered must
be expressly
mentioned, or
reference
made to some-
thing extrinsic
by which it
may be ascer-
tained.

BURKHOLDER
v.
M'FERRAN
and wife
to the use of
STAHL.

1817.

The opinion of the Court was delivered by

TILGHMAN C. J. This cause was submitted to arbitration, and the arbitrators made the following award. " We find " for the plaintiff the balance due on a single bill, which was " given the 7th day of *November*, 1811, with interest from " the date, for the use of *Joseph Stahl*, assigned to the said " *Stahl*, by *M'Ferran* and wife." It is objected, that this award is void, for uncertainty. Awards should be construed liberally, and it is the wish of the Court to support them against exceptions taken to their form. But it is essential that they should be *certain*. The sum for which judgment is to be entered, must be either expressly mentioned, or reference made to something extrinsic, by which that sum may be ascertained. In this award no certain sum is mentioned, nor is there any reference which leads to certainty. It was not intended to find for the plaintiff, for the *whole* amount of the single bill on which the suit was brought, but only for a *balance* due on it. But what that balance was, does not appear. The amount of the balance was the matter in dispute (if there was really any dispute) between the parties. There are two payments indorsed on the bill; but one of them has no date, so that the balance could not be ascertained by the indorsements, even if they had been referred to in the award. But they are not referred to ; so that there is nothing certain. With all the inclination which the Court feel to supply the defects of this award, they find it impossible. It is our opinion, therefore, that the judgment should be reversed.

.          Judgment reversed.